UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASE NO.

WINSTON & STRAWN, LLP,

    Plaintiff,

vs.

HAROLD E. DOLEY
and DOLEY SECURITIES, INC.,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Winston & Strawn, LLP ("W&S"), sues Defendants, Harold E. Doley ("Doley"), and Doley Securities, Inc. ("DSI") (collectively, "Defendants").

### Nature of the Case

This matter is a simple breach of contract case that cannot be more clear. Defendants agreed by written contract for W&S to represent them in a legal matter, and in exchange, to pay W&S for its legal services. The fees and costs of W&S's legal services were explained to Defendants both orally and in the written agreement. W&S performed legal services on behalf of Defendants at the rates that were spelled out in the written agreement, and without any complaint from Defendants. As a result of the work performed by W&S on behalf of Defendants, Defendants owe W&S $84,412.19, which Defendants have not paid, and thus Defendants have breached a written contract with W&S.

### Parties, Jurisdiction and Venue

1.     W&S is, and at all relevant times, an Illinois limited liability partnership.

The work performed by W&S attorneys on behalf of Defendants was performed primarily in Washington, D.C.

2. Upon information and belief, Doley is, and at all relevant times was, a New York citizen who resides at 67 N. Broadway, Irvington, NY 10533, and is an officer, director, and shareholder of DSI.

3. Upon information and belief, DSI is, and at all relevant times was, a corporation incorporated in Delaware and having an office and principal place of business in New Orleans, Louisiana. DSI's present principal address is 616 Baronne Street, New Orleans, LA 70113.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000 and is a civil action between citizens of different states.

5. Pursuant to 28 U.S.C. § 1391, venue lies in the District of Columbia, where a substantial part of the events or omissions giving rise to the claim occurred.

**FACTUAL BACKGROUND**

6. In the early spring of 2007, Defendants selected W&S to represent each of them in the investigation of Defendants being conducted by the Office of the Thrift Supervision (the "Lawsuit").

7. Before W&S's representation of Defendants began, partners of W&S, Thomas M. Buchanan ("Buchanan") and Michael A. Mancusi ("Mancusi") explained to Defendants the fees and costs that would be associated with W&S's representation of the Defendants. Defendants orally told Buchanan and Mancusi that they understood and accepted the fees and costs that would come with W&S's work on the Lawsuit.

8. On April 19, 2007, before W&S conducted any work on behalf of Defendants, Buchanan sent to Defendants an engagement letter. The engagement letter provided that W&S's "policy at the outset of an engagement with new clients is to outline not only the nature of the engagement, but also the basis on which the firm will provide legal services and bill for them." Engagement Letter at 1 (Ex. 1).

9. The engagement letter explicitly described that W&S's fees for work on the Lawsuit would be determined on an hourly basis and that there would be costs associated with W&S's representation of Defendants in addition to W&S's fees.

10. The engagement letter also described how and when W&S would bill Defendants, and when Defendants were expected to pay W&S. The engagement letter requested that Defendants pay a "$10,000 retainer to initiate the engagement" and explained that "[t]his retainer will be applied against ongoing fees and expenses." Engagement Letter at 4 ¶ 10 (Ex. 1). W&S received the $10,000 retainer on May 23, 2007.

11. Additionally, Defendants acknowledged in the engagement letter that they were given the opportunity to consult with independent counsel regarding the engagement letter.

12. On April 20, 2007, Doley signed the engagement letter for himself and Chad Robert signed the engagement letter on behalf of DSI. Robert is the President of DSI.

13. After the engagement letter was signed, W&S performed legal work on behalf of Defendants in the Lawsuit. The legal work included reviewing thousands of documents that were produced to the Office of the Thrift Supervision, providing advice regarding certain purchases of stock, preparing Doley for a deposition, and defending Doley's deposition. The legal work was performed by Buchanan and Mancusi, and a W&S associate. These W&S attorneys devoted 215.25 hours to this legal work.

14. Defendants never complained to W&S about the quality or quantity of work that W&S was performing. Nor did Defendants ever complain about the amount W&S charged for its legal services on behalf of Defendants. In fact, Defendant Doley promised on several occasions that payment was forthcoming. But payment never came.

15. W&S has applied the $10,000 retainer to amounts owed by Defendants to W&S. To date, Defendants owe W&S $84,412.19.

## COUNT I: BREACH OF CONTRACT

16. Plaintiff realleges and incorporates paragraphs 1-15 in this complaint.

17. Defendants contracted with W&S when agreeing in writing to the terms of the engagement letter under which Defendants explicitly confirmed that they would be jointly and severably liable for the total fees and costs of W&S representing Defendants in the Lawsuit. *See* Engagement Letter (Ex. 1).

18. Defendants breached the terms of the engagement letter when they failed to pay W&S fees and costs totaling $84,412.19.

19. W&S suffered damages as a result of Defendants' breach of contract.

WHEREFORE, W&S requests judgment against Defendants, jointly and severally, of $84,412.19 plus pre-judgment interest, costs and expenses, and such other and further damages and relief as this Court may deem proper.

Respectfully submitted,

Thomas Buchanan # 337907
Charles B. Klein #450984
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000

4

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS** Winston & Strawn LLP

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __11001__
(EXCEPT IN U.S. PLAINTIFF CASES)

Washington, D.C.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas M. Buchanan, Charles B. Klein
Winston & Strawn, LLP, 1700 K St, NW,
Washington, D.C. 20006

**DEFENDANTS** Harold E. Doley and Doley Securities, Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

Case: 1:08-cv-00144
Assigned To : Walton, Reggie B.
Assign. Date : 1/24/2008
Description: Contract

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ⊘ 2 | ⊘ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☒ E. General Civil (Other)** OR **☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☒ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Breach of Contract for legal services - 28 U.S.C. §1332

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐   DEMAND $ 84,412.19 plus interest, costs & expenses   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 1/24/08   SIGNATURE OF ATTORNEY OF RECORD Thomas M. Buchanan

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.