UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WINSTON & STRAWN, LLP,

    Plaintiff,

vs.                                                Case No: 1:08-cv-00144 (RBW)

HAROLD E. DOLEY
and DOLEY SECURITIES, INC.,

    Defendants.

## PLAINTIFF'S ERRATA EXHIBIT TO ITS COMPLAINT

Plaintiff Winston & Strawn, LLP ("Winston & Strawn") has attached hereto Exhibit 1 to its complaint, which was filed on January 24, 2008. Exhibit 1 was inadvertently left out of the original filing.

Respectfully submitted,

_____\\s\_____
Thomas Buchanan # 337907
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000

January 28, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing *Plaintiff's Errata Exhibit to its Complaint* will be sent with service of the *Complaint* via process server.

_____/s/_____
Adam S. Nadelhaft, DC Bar # 490124
*Attorney for Plaintiff*
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006
(202) 282-5883

# EXHIBIT 1

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 | 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 |
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND | (202) 282-5000 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON, EC4N 8NH | FACSIMILE (202) 282-5100 | 25 AVENUE MARCEAU<br>75116 PARIS, FRANCE |
| | www.winston.com | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894 |

THOMAS M. BUCHANAN
(202) 282-5787
tbuchanan@winston.com

April 19, 2007

Harold E. Doley                    Doley Securities, Inc.
67 N. Broadway                     616 Baronne Street
Irvington, NY 10533                New Orleans, LA 70113

Dear Mr. Doley:

Thank you for selecting Winston & Strawn LLP to represent each of you in the investigation being conducted by the Office of the Thrift Supervision (the "Lawsuit"). Our firm's policy at the outset of an engagement with new clients is to outline not only the nature of the engagement, but also the basis on which the firm will provide legal services and bill for them.

1.  **Nature of Engagement.** As we discussed, the firm's clients will be Clients Harold Doley and Doley Securities, Inc. The scope of our engagement will be limited to the representation of each of you in the Lawsuit.

2.  **Fees.** Although I will be the attorney responsible for this engagement, portions of the work may be performed by other firm attorneys and legal assistants, as necessary. My current hourly rate is $595.00. Our hourly rates for partners range from $405.00 to $845.00; for associates, from $200.00 to $590.00; and for legal assistants, from $135.00 to $285.00. Our billing rates are subject to adjustment from time to time, usually in January of each year. Each of you will be jointly and severally liable for the total fees and costs of representing you collectively in the Lawsuit.

3.  **Costs.** In addition to our fees, our bills will include allocable charges for costs and expenses incurred in performing our services, such as printing and reproduction services, mail, messenger and delivery services, computerized research, travel (including mileage, parking, air or rail fare, lodging, meals, taxi or car rental), telephone, facsimile or data transmission, secretarial and support staff overtime (when necessitated by the client's work), court costs and filing fees and other litigation support services, such as document scanning, coding and printing. Unless other arrangements are made, certain expenses (such as expert witnesses' fees and court reporters' charges) will be billed directly to you and will not be our responsibility.

WINSTON & STRAWN LLP

Harold E. Doley
Doley Securities, Inc.
April 19, 2007
Page 2

4.      Billing Arrangements. We render on-account bills monthly. Our statements generally will be prepared and mailed to each of you during the month following the month in which services are rendered. The firm expects that its clients will pay statements within 30 days. We reserve the right to defer providing services or to discontinue our representation if billed amounts are not paid when due.

5.      Client Documents: We will maintain any necessary documents (including any electronic copies) relating to this matter in our client files. At the conclusion of the matter (or earlier, if appropriate), it is your obligation to advise us as to which, if any, of the documents in our files you wish us to make available to you. These documents will be delivered to you within a reasonable time after receipt of payment for outstanding fees and costs, subject to applicable rules of attorney conduct. We will retain any remaining documents in our files for a certain period of time, after which we will destroy them in accordance with our record retention program.

6.      Joint Representation Agreement and Waiver. Because joint representations involve unique issues of conflicts of interest and confidentiality, we wanted to clarify the terms of our joint representation as set forth herein. Ideally each one of you would be represented by separate counsel in the Lawsuit, but we recognize that there are considerations of cost as well as strategic advantages for each of you in being jointly represented by us. Winston & Strawn LLP is willing to undertake such multiple representation in the Lawsuit so long as the following terms and conditions are understood and agreed to by each of you:

Harold Doley and Doley Securities, Inc. each waive any objection to, or any possible conflict in, our joint representation of Clients Harold Doley and Doley Securities, Inc. in the Lawsuit, and each consents to our joint representation of Harold Doley and Doley Securities, Inc. in the Lawsuit.

Harold Doley and Doley Securities, Inc. acknowledge and agree that communications between Winston & Strawn LLP and any or all of you concerning the Lawsuit will be treated by us as confidential and not disclosed to anyone other than the two of you without your consent or as otherwise provided by law. Harold Doley and Doley Securities, Inc. further acknowledge and agree that whatever communications or information Winston & Strawn LLP receives from any one or more of you concerning the Lawsuit will be shared with each of you as we deem appropriate. In particular, if we receive material information about any one of you from one of the others that we believe Harold Doley and Doley Securities, Inc. should have in order to make decisions regarding your individual interests, we will give you that information.

**WINSTON & STRAWN LLP**

Harold E. Doley
Doley Securities, Inc.
April 19, 2007
Page 3

    Harold Doley and Doley Securities, Inc. acknowledge and agree that there exists the possibility that a conflict of interest may arise in the course of the multiple representation by Winston & Strawn LLP. Harold Doley and Doley Securities, Inc. acknowledge and agree that in the event a conflict of interest arises regarding the multiple representation by Winston & Strawn LLP, then we may withdraw from the representation of the client who has created the conflict (the "conflicted client") and may continue to represent the other client or clients. In such event, the conflicted client understands that he/she would be responsible for obtaining his/her own legal representation and for the cost of that representation.

    Harold Doley and Doley Securities, Inc. acknowledge and agree that if Winston & Strawn LLP withdraws as one or more of their attorneys, we may continue to represent the other remaining clients, even if such representation is contrary to the interests of the conflicted client. Moreover, in the unlikely event that you commence litigation against one another regarding the subject of the joint representation, you each understand that our advice to you and our prior communications with each of you during the joint representation may not be shielded from disclosure in such litigation. Finally, in the event a conflict of interest arises regarding the multiple representation by Winston & Strawn LLP, a court may nevertheless disqualify us from continuing our representation of any of you, notwithstanding the terms of this Agreement. We are advising you of these possibilities solely to comply with our ethical requirements and are not suggesting that you may have claims against one another.

    7.  Affiliate Waiver: For all matters which you may, from time to time, request our assistance, Winston & Strawn LLP's clients will be Harold Doley and Doley Securities, Inc. and not any parent, subsidiaries or affiliates of Doley Securities, Inc. This letter confirms that Harold Doley and Doley Securities, Inc. acknowledges and agrees that it is a separate entity from its parent, subsidiaries and affiliates for conflicts of interest purposes and that our representation of Harold Doley and Doley Securities, Inc. does not give rise to an attorney-client relationship for conflicts of interest purposes with any parent, subsidiary or affiliates of Harold Doley and Doley Securities, Inc. Harold Doley and Doley Securities, Inc. further acknowledges that Winston & Strawn LLP may have in the past represented, currently represent, or in the future represent, other clients whose interests are adverse to the parent, subsidiaries or affiliates of Harold Doley and Doley Securities, Inc. and that such representations by Winston & Strawn LLP will not give rise to a conflict of interest with Harold Doley and Doley Securities, Inc. Harold Doley and Doley Securities, Inc. also agrees that during the course of Winston & Strawn LLP's representation of Harold Doley and Doley Securities, Inc., Harold Doley and Doley Securities, Inc. will not provide to Winston & Strawn LLP any confidential information regarding its parent, subsidiaries or affiliates.

**WINSTON & STRAWN LLP**

8. <u>Insurance Coverage</u>. Harold Doley and Doley Securities, Inc. may have insurance policies that would provide a defense to claims asserted against Harold Doley and Doley Securities, Inc. in this matter. We urge you to consult with your insurance brokers to locate all potentially relevant policies and to tender the defense to all potentially relevant insurers. Depending on the type of policy, both current policies and previous ones (now expired) may be relevant, and policies held by related companies may be relevant. If a policy does have the potential for coverage, it is important that Harold Doley and Doley Securities, Inc. tender the defense promptly. Generally insurers reimburse defense expenses only from the moment of tender; in addition, insurers may deny a defense entirely when a tender has been made too late in the case. We count on our clients to work with their brokers to make all relevant tenders. If you would like our assistance with any tender, please request us specifically to do so, and we will evaluate potential conflicts related to a tender to determine whether we may be able to assist you. If an insurer does agree to reimburse defense expenses of this case, Harold Doley and Doley Securities, Inc. agrees that it will pay our invoices directly and promptly upon their presentation and that you will in turn seek reimbursement from the issuer, unless the insurer retains us directly on your behalf.

9. <u>Termination of Representation.</u> A client has the right at any time to terminate our services and representation upon written notice to the firm. Such termination shall not, however, relieve each of the clients of the obligation to pay for all services already rendered, including work in progress and remaining incomplete at the time of termination, and to pay for all expenses incurred on behalf of the clients through the date of termination.

10. <u>Replenishable Retainer</u>: We would request a $10,000 retainer to initiate the engagement. This retainer will be applied against ongoing fees and expenses. We reserve the right to request that you replenish the retainer when and if it becomes exhausted. Advances of legal fees and costs will become our property upon receipt but at the conclusion of our representation we will refund any credit balance to you, without interest.

Harold Doley and Doley Securities, Inc. acknowledge and agree that, prior to entering this Agreement, they have been advised and have had the opportunity to consult with independent counsel (not Winston & Strawn LLP) regarding the terms and conditions of this Agreement.

If after consideration, each of you consent and agree to be jointly represented by Winston & Strawn LLP in the Lawsuit in accordance with the above terms and conditions, please sign the enclosed copy of this letter in the space provided below and return it to me. Should you have any questions, please call me.

WINSTON & STRAWN LLP

                We appreciate the chance to be of service and look forward to working with each of you. I am enclosing a firm brochure and my resume for your information.

                                                      Sincerely,

                                                      Thomas M. Buchanan

Enclosures

ACCEPTED AND AGREED to by:

Harold Doley
_____
Date: 4-20-07

Doley Securities, Inc.
_____
Date: 4/20/07

WINSTON & STRAWN LLP

# WINSTON & STRAWN LLP
# GENERAL TERMS AND CONDITIONS OF ENGAGEMENT

The time for which a client will be charged is based on quarter hour increments, and will include, but will not necessarily be limited to, telephone and office conferences with the client, witnesses, other counsel, consultants, government personnel and others; conferences among our personnel; factual investigation; legal research; drafting and review of letters, memoranda, pleadings, briefs, and other documents; reviewing files in preparation for proceedings or meetings; responding to client requests to provide information to their auditors; responding to client requests to provide other information, such as non-standard billing information or information required by client procurement practices, third parties or parent organizations; travel time that would otherwise be available for productive work on regular business days, but which cannot be so devoted because of the circumstances of travel; waiting time in court or in connection with administrative proceedings; and time in propounding or responding to interrogatories, preparing for and participating in depositions or other forms of discovery.

In addition to fees, our bills will include allocable charges for costs and expenses incurred in performing our services, such as printing and reproduction services, mail, messenger and delivery services, computerized research, travel (including mileage, parking, air or rail fare, lodging, meals, taxi or car rental), telephone, facsimile or data transmission, secretarial and support staff overtime (when necessitated by the client's work), court costs and filing fees [and other litigation support services, such as document scanning, coding and printing]. Unless other arrangements are made, certain expenses (such as expert witnesses' fees and court reporters' charges) will be billed directly to you and will not be our responsibility.

We render on-account bills monthly. Our statements generally will be prepared and mailed to you during the month following the month in which services are rendered. The firm assumes that its clients ordinarily will pay statements within 30 days. We reserve the right to defer providing services or to discontinue our representation if billed amounts are not paid when due.

We will maintain any necessary documents (including any electronic copies) relating to this matter in our client files. At the conclusion of the matter (or earlier, if appropriate), it is your obligation to advise us as to which, if any, of the documents in our files you wish us to make available to you. These documents will be delivered to you within a reasonable time after receipt of payment for outstanding fees and costs, subject to applicable rules of attorney conduct. We will retain any remaining documents in our files for a certain period of time, after which we will destroy them in accordance with our record retention program.

A client has the right at any time to terminate our services and representation upon written notice to the firm. Such termination shall not, however, relieve the client of the obligation to pay for all services already rendered, including work in progress and remaining

**WINSTON & STRAWN LLP**

incomplete at the time of termination, and to pay for all expenses incurred on behalf of the client through the date of termination.

We reserve the right to withdraw from our representation if, among other things, the client fails to honor the terms of the engagement letter, the client fails to cooperate or follow our advice on a material matter, or any fact or circumstance would render our continued relationship unlawful or unethical or would otherwise authorize such termination subject to applicable rules of professional conduct. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the above matter, and you agree on behalf of the client that it will take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to perfect our withdrawal, and further that we will be entitled to be paid for all services rendered and costs or expenses incurred on behalf of the client through the date of withdrawal. If the client so requests, we will suggest to you possible successor counsel and provide it with whatever documents you have provided to us. If permission for withdrawal is required by a court, we will promptly apply for such permission, and you agree on behalf of the client to engage successor counsel to represent the client.