**UNITED STATES DISTRICT COURT**
**District of Columbia**

| | |
|---|---|
| **WINSTON & STRAWN, LLP,** | ) |
| **Plaintiff,** | ) |
| | ) |
| Vs. | ) Case: 1:08-CV 00144 |
| | ) Assigned to: Walton, Reggie B |
| **HAROLD F. DOLEY, and** | ) Assign Date: 1/24/2006 |
| **DOLEY SECURITIES, INC.,** | ) Description: Contract |
| **Defendants.** | ) |

## MOTION OF THE DEFENDANT'S HAROLD E. DOLEY AND DOLEY SECURITIES, INC. TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT
(Oral Hearing Requested)

Defendants Harold E. Doley and Doley Securities, Inc., by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6), and 12(e), respectfully requests that this Court dismiss with Prejudice Plaintiff's Complaint, or in the alternative, compel Plaintiff to draft a more definite statement of his claims.

This case arises from allegations made by the Law firm of Winston & Strawn, LLP. that the defendants owe plaintiff $ 84,412.19 for legal assistance in one deposition taken by the Office of Thrift Supervision on July 18, 2007. The plaintiff suggests that a document signed on April 19, 2007 was a contract which the defendants breached. The contract was indefinite as to the specific hourly rates that would be charged by firm attorneys, legal assistant but specified a broad range of possible fees and was not definite. The Contract's indefiniteness renders the contract void and as such warrants the dismissal of this complaint with prejudice. In the alternative because the complaint is so vague and ambiguous, the defendants cannot reasonably be required to frame a responsive pleading and request a more definite statement.

The reasons therefore are more specifically addressed in the accompanying Memorandum of points and authorities attached hereto.

Respectfully Submitted

\_\_/Claude ROXBOROUGH_____
Claude Roxborough Esq. 162313
709 Irving St. NW
Washington, DC 20010
202 368 8847

## CERTIFICATE OF SERVICE

I Claude Roxborough Esq. hereby certify that a copy of the foregoing was mailed postage prepaid to Thomas Buchanan 1700 K Street, NW, Washington, DC 20006 this       day of 2008.

\_\_/s/Claude Roxborough_____
Claude Roxborough

## ORAL HEARING REQUESTED

The Defendants respectfully request and oral hearing on this motion.

# UNITED STATES DISTRICT COURT
## District of Columbia

| | |
|---|---|
| WINSTON & STRAWN, LLP, ) | |
|     Plaintiff, ) | |
| ) | |
| Vs. ) | Case: 1:08-CV 00144 |
| ) | Assigned to: Walton, Reggie B |
| HAROLD F. DOLEY, and ) | Assign Date: 1/24/2006 |
| DOLEY SECURITIES, INC., ) | Description: Contract |
|     Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE DEFENDANT'S HAROLD E. DOLEY AND DOLEY SECURITIES, INC. TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

**TABLE OF CONTENTS**
I. Introduction 3
II. Factual Background 3
III. Argument 4
A. Standard for Motion to Dismiss 4
B. Standard for Motion for More Definite Statement 4
C. Contract 4
IV. Conclusion 5

## I. INTRODUCTION

Defendant's Harold E. Doley and Doley Securities, INC. ("Doley") hereby respectfully moves this Court for an Order dismissing the Complaint filed by Plaintiff Winston & Strawn, LLP with prejudice for failure to state a claim upon which relief may be granted. In the alternative, Harold E. Doley and Doley Securities, INC. ("Doley") respectfully requests an Order compelling Plaintiff to file a more definite statement of their case.

## II. FACTUAL BACKGROUND

Defendant's Harold E. Doley and Doley Securities, Inc... ("Doley") sought legal advice regarding a subpoena for a deposition to be conducted by the Office of The Thrift Supervision. They were not targets of the investigation or parties to any lawsuit related to

Independence Federal Savings and Loan Inc. The defendants paid $ 10,000.00 for legal assistance in the preparation for their deposition. An agreement was tendered by the plaintiff Winston & Strawn LLP., to provide representation in the investigation which was indefinite as to the amount to be paid for hourly services providing only a range. Throughout the very limited representation of the Defendants by the Plaintiff, fees for partners, associates and legal assistance were never defined. The April 19, 2007 agreement was and remained unduly uncertain and so indefinite that no contract was formed. The plaintiff provided assistance for only one deposition. After which their services were no longer needed.

## III. ARGUMENT

1. **Standard for Motion to Dismiss**

When considering a Federal Rules of Civil Procedure, FRCP12(b)(6) motion based on a defendant's assertion that plaintiff fails to state a claim upon which relief can be granted, this Court's evaluation is limited to the four corners of the Complaint. See *Aronoff v. Lenkin Co.,* 618 A.2d 669, 684 (D.C. 1992) (citations omitted). In reviewing such a motion, this Court accepts all allegations in the Complaint as true, and construes the pleading in the light most favorable to the plaintiff. Id. In doing so, however, this Court must dismiss vague and conclusory allegations because such statements cannot substitute for the required statement of facts necessary to state a claim. See *Leonard v. District of Columbia,* 794 A.2d 618, 630-31 (D.C. 2002). Dismissal is also proper when it appears that a plaintiff can prove no legally sufficient facts to support the claim for relief. See *Schiff v. American Assn of Retired Persons,* 697 A.2d 1193, 1196 (D.C. 1997).

Applying these standards here, Plaintiffs' Complaint must be dismissed in its entirety. Not only are all allegations vague, conclusory, and wholly lacking in substance, but there is also no set of facts under which Plaintiffs can state viable claims given the allegations raised in their Complaint. Dismissal is proper since Plaintiff cannot prove any legally sufficient facts to support his claim for relief.

2. **Standard for Motion for a More Definite Statement**

By the language of FRCP12(e) itself, "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement...." Courts will examine the pleading for "vagueness or lack of clarity," see *McDaniel* v. *Cusimano,* 148 A.2d 303, 305 (D.C. 1959) (analyzing the District of Columbia Rules of Procedure), or, in the alternative, for "sufficient definiteness to enable the defendant to frame an answer," see *Montgomery v. Kingsland,* 166 F.2d 953, 956 (D.C. Cir. 1948) (analyzing the Federal Rules of Civil Procedure.

The Plaintiff States in the Complaint the following:

This matter is a simple breach of contract case that cannot be more clear. Defendants agreed by written contract for W&S to represent them in a legal matter, and in exchange, to pay W&S for its legal services. The fees and cost of W&S's legal services were explained to Defendants both orally and in the written agreement. W&S performed legal services on behalf of Defendants at the rates that were spelled out in the written agreement, and without complaint from Defendants. As a result of the work performed by W&S on behalf of Defendants, Defendants owe W&S $ 84,412.19, which Defendants have-not paid, and thus defendants have breached a written contract with W&S.

The alleged contract referred to by the Plaintiff is not clear and appears to be nothing more than a rate sheet with ranges of possible charges from various possible service providers in the firm. The complaint fails to identify in any paragraph what charges from any specific provider was identified charged and or refused. Although the parties may have manifested an intention to make a contract, if the content of their agreement is unduly uncertain and indefinite no contract is formed. Restatements, Contracts (2d) § 32 (1); Corbin § 95; 1 Williston § 37' Parks v. Atlanta News Agency, Inc. ,115 Ga App. 842,156 S.E. 2d 137.

**c. Contract**

The rule of contract law is that an "offer must be so definite as to its material terms or require such definite terms in the acceptance that the promises and performances to be

rendered by each party are reasonably" certain. Restatement, Contracts § 32. Material terms include subject matter, price, payment terms, quantity, quality, duration, and work to be done. 1 Williston §§ 38-48; 1 Corbin §§ 95-100. The requirement of definiteness cannot be pushed to extreme limits. However as Corbin says:

"In considering expressions of agreement, the courts must not hold the parties to some impossible, or ideal, or unusual standard. It must take language as it is and people as they are. All agreements have some degree of indefiniteness and some degree of uncertainty. In spite of its defects, language renders a practical service. In spite of ignorance as to the language they speak and write, with resulting error and misunderstanding, people must be held to the promises they make. The court must not be overly fearful of error; it must not be pedantic or meticulous in interpretation of expressions." 1 Corbin § 95 The Courts do not favor the destruction of contracts because of uncertainty, but will, if feasible, construe agreements so as to carry into effect the reasonable intention of the parties, if that can be determined. In re Wonderfair Stores, Inc., 511 F2d 1209.

This claim, as currently stated, must be dismissed. The plaintiff seeks to enforce a contract that fails to recite duration, work to be done, and quantity of hours to be performed, by whom and at what specific rate. The alleged contract is so open ended as to constitute merely a work sheet listing ranges of possible charges that could be made for Quantum Merit work. While there is clearly, intent to be served by the plaintiff, the defendant did not agree to an open ended arbitrary assessment of fees in a representation for a single deposition. The complaint as such relies on an alleged failure to pay what plaintiff arbitrary suggest is owed from it's work sheet of ranges of possible charges and as such should be dismissed.

If the Court chooses not to dismiss the complaint it should require the plaintiff to specify what specific charge and time expended by the plaintiff and others responsible for the work performed. There should also be a clear statement or explanation as to where, when, how and what terms were breached by the defendants. Also, a specific detailed hour by hour involvement of each individual participant assigned by the plaintiff to the preparation for the deposition.

**IV.   CONCLUSION**

For all of the foregoing reasons, the Defendants respectfully request that this court dismiss all of Plaintiff's claims with prejudice, and if certain claims as to the Defendant cannot be dismissed, Defendants respectfully request that this Court compel Plaintiff to frame a more definite statement of their claims.

**UNITED STATES DISTRICT COURT**
**District of Columbia**

| | |
|---|---|
| **WINSTON & STRAWN, LLP,** )  | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | Case: 1:08-CV 00144 |
| ) | Assigned to: Walton, Reggie B |
| **HAROLD F. DOLEY, and** ) | Assign Date: 1/24/2006 |
| **DOLEY SECURITIES, INC.,** ) | Description: Contract |
| **Defendants.** ) | |

**ORDER**

Upon consideration of the defendants motion to dismiss for failure to state a claim upon which relief can be granted or in the alternative for a more definite statement, the opposition thereto and there being good cause shown that the complaint is deficient in that it is vague and lacks clarity as to specific charges and fees sought to be recovered, it is by the court this     day of                , 2008

Ordered that the motion be and is the same is hereby granted, and furthered

Ordered that the defendant shall have 30 days to provide a more definite statement as to the specific charges, work performed, responsible parties performing the work and a time chart for each and every action taken by the plaintiff on behalf of the defendant. Failure to provide such with specificity will warrant this Court upon appropriate motion to dismiss with prejudice the entire complaint.

_____

Judge