UNITED STATES DISTRICT COURT
District of Columbia

| | |
|---|---|
| **WINSTON & STRAWN, LLP,** | ) |
| **Plaintiff,** | ) |
| | ) |
| Vs. | ) Case: 1:08-CV 00144 |
| | ) Assigned to: Walton, Reggie B |
| **HAROLD F. DOLEY, and** | ) Assign Date: 1/24/2006 |
| **DOLEY SECURITIES, INC.,** | ) Description: Contract |
| **Defendants.** | ) |

### SUPPLEMENTAL MEMORANDUM TO THE DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT. (REQUEST FOR AN ORAL HEARING)

The plaintiff has raised an issue in their opposition to the motion to dismiss. They assert that in this case there was an account stated between the parties which constituted a final adjustment of their dealings. We assert fervently this case be dismissed because they are in error as to their understanding of the law of "account stated".

An account stated is an agreement between persons having previous monetary transactions that fixes the amount due in respect to such transactions and promises payment. Eimco-BSP Service Co. v Valley Inland PacificContractors 626 F.2d 669. As such, an account stated is itself an independent contract that is enforceable without regard to the underlying transactions on which it is based. Eimco at 25. After a party has tendered an account, the promise to pay the stated amount may be expressed, or implied from the actions of the party when their conduct justifies the inference that they have agreed. Eimco at 25. Unless a debtor objects within a reasonable time to a tendered account, the inference of an agreement may be drawn and the account considered as stated. Eimco at 25; Riley 42 App DC at 295.

The theory of account stated has its usual application where persons who carry on business with each other have a series of transactions constituting an open running account with various items of debit and credit. See Eimco at 25. Parties with frequent transactions, such as merchant

traders, banks and their depositors, retail stores and customers, and business partners, will often reach a final mutual accounting and agreement on a balance due through an account stated. See 6 A. Corbin, Contracts § 1303 (1950) at 235.

Thus, the device of account stated is clearly most suitable where the parties have had a series of debits and credits in fixed amounts, and wish to settle their account. Parties to an account stated are not bound as to matters that were not contemplated by them, or that were not included in the settlement, even though those matters existed when the account was stated. Eimco at 12. If the agreement reached does not contemplate a final adjustment of all possible claims, an account may be partially stated for the debts and credits over which the parties had a meeting of the minds. Eimco at 25.

**THERE WAS NO MEETING OF THE MINDS IN THE FORMATION OF THE RETAINER LETTER. RATHER DEFENDANTS HAVE RESORTED TO AN OUTRIGHT FALSE OATH CONCERNING AN INITIAL MEETING THAT NEVER TOOK PLACE.**

In an effort to settle this matter, after months of discussions concerning the defendants objection to the bills an offer was made in writing. ( Exhibit 1) The written offer referred to the range of fees offered in the retainer agreement, which stated the following:

*2. Fees. Although I will be the attorney responsible for this engagement, portions of the work may be performed by other firm attorneys and legal assistants, as necessary. My current hourly rate is $ 595.00. Our hourly rates for partners range from $ 405.00 to $845.00; for associates, from $200.00 to $590.00; and for legal assistants, from $ 135.00 to 285.00. Our billing rates are subject to adjustment from time to time, usually in January of each year. Each of you will be jointly and severally liable for the total fees and costs of representing you collectively in the lawsuit.*

The letter went on to state:

**Comparing the bill with the contract it seems clear, the only definite fee stated was that of Mr. Thomas Buchanan. The partners and associates were a range of possible fees. The bill shows Mr. Mancusi charging $480.00, an amount within the range of a partner and Mr. Court charging $365.00, an amount within the range of an associate. There was no evidence of any collateral agreement as to those fees for them thus my clients only agreed to pay the minimum amount. Those minimum amounts would be $405.00 for a partner and $200.00 for an associate.**

The law firm rather than acknowledge the fact that there was no specific agreement as to the specific rate to be applied to the other partners and associates swear a false oath and invent by declarations under oath that they met in person with Doley and Robert and that there was an oral agreement between the parties as to those specific fees. They submitted a declaration under oath as follows:

> 7. Before W&S's representation of Defendants began a partner of mine, Michael A. Mancusi and I met in person, with Messrs. Doley and Robert (who was representing DSI). Mr. Mancusi and I explained to Messrs. Doley and Robert the legal work that would be needed to be done to properly represent them. We explained that we needed to review the documents hey already produced, and also review more documents that could be responsive to the second subpoena. In addition, we explained that we would need to prepare Mr. Doley for his deposition and then defend his deposition. At the meeting, Defendants indicated to me that they understood what W&S's work would entail.
> 8. During that initial meeting, Mr. Mancusi and I also explained the fees and costs that would be associated with W&S's representation of Defendants. In particular, I described that the matter would be billed on an hourly rate basis, in quarter hour increments, and that my hourly billing rate was $595 and Mr. Mancusi's billing rate was $ 490. We also explained that associates may also be working on the matter, but they would bill at lower hourly rates. Both Messrs Doley and Robert told Mr. Mancusi and me that they understood and accepted the fees and cost that were associated with W&S's work on the matter.

The very sad fact of the matter is that no such meeting took place and the declaration is a complete fabrication offered to cover their failure to have such a confirmed meeting of the minds on the other fees. See the Affidavit of Chad Robert, President of Doley Security Inc. Exhibit 2. In fact Mr. Robert states:

**"I have never been to Washington, DC much less to a meeting with Mr. Buchanan and Mr. Mancusi"**

The settlement letter also summarizes and particularized the summation of the objections to the bill continuously discussed by the general counsel, Alan Counts with a number of W&S attorneys. The letter stated as follows:

My client's feel that the amount of time for the review of documents, most of which were from Sullivan& Cromwell LLP, and preparation of him for the deposition was excessive. They reviewed the bill and proffered the following adjustments:

*INVOICE NO. 1993138*
*INVOICE DATE 06/28/07*
*(PROPOSED ADJUSTMENT)*

**Timekeeper Summary**

| Attorney/other prof | Hours | Rate | Fees Billed |
|---|---|---|---|
| *T. Buchanan* | *6.50* | *595.00* | *3,867.50* |
| *M. Mancusi* | *36.50* | *405.00* | *15,592.50* |
| *J. Court* | *37.50* | *200.00* | *7,500.00* |
| **Total Attorney/Other Prof** | 80.50 | | 26,960.00 |

*INVOICE NO. 1996231*
*INVOICE DATE 07/18/07*
*(PROPOSED ADJUSTMENT)*

**Timekeeper Summary**

| Attorney/other prof | Hours | Rate | Fees Billed |
|---|---|---|---|
| *T. Buchanan* | *4.75* | *595.00* | *2,826.25* |
| *M. Mancusi* | *8.5* | *405.00* | *3,442.50* |
| *J. Court* | *12.5* | *200.00* | *2,200.00* |
| **Total Attorney/Other Prof** | 25.75 | | 8,468.75 |

*INVOICE NO. 2002543*
*INVOICE DATE 08/28/07*
*(PROPOSED ADJUSTMENT)*

**Timekeeper Summary**

| Attorney/other prof | Hours | Rate | Fees Billed |
|---|---|---|---|
| *T. Buchanan* | *1.00* | *595.00* | *595.00* |
| *M. Mancusi* | *3.5* | *405.00* | *1,417.50* |
| *J. Court* | *8.5* | *200.00* | *1,750.00* |
| **Total Attorney/Other Prof** | 13.00 | | 3,762.50 |

**Total proposed adjustment**             *$ 39,191.25*

**Less amount paid**        *$ 10,000.00*

**Total proposed due**             *$ 29,191.25*

*My clients are prepared to pay immediately $ 20,000.00 in full settlement of this matter. They feel strongly that the hours of Mancusi and Court were essentially duplicative.*

*We make this offer in good faith and is the best assessment of the services given in the matter of preparation for a Deposition. We feel that the hours expended were duplicative. Your firm failed to take into account my clients initial position that they could not afford to pay a great deal on this matter. They never agreed to the level of fee and quantify of time stated in the bill. Had my clients been apprised of the likelihood of being charged over $ 90,000.00 for preparation for a deposition they could have never retained your very excellent firm.*

*It is our hope that you accept an immediate payment of $ 20,000.00 offered here in full satisfaction of this entire matter.*

**See Exhibit 1**

The facts that none of the bills submitted to the defendants ever accounted for the $10,000 paid, a false oath was given by Mr. Buchanan, the general counsel Allen Counts continuously object to the bill and that the theory of stated accounts does not apply, warrants dismissal. It would be inappropriate to subject this fine firm to such indignity when the defendants in good faith, could respectfully settle this dispute through arbitration with the Bar.

Respectfully Submitted

Claude Roxborough

EXHIBIT 1

*LAW OFFICES of*
# KIMMEL & ROXBOROUGH, LLC
709 IRVING ST. NW
WASHINGTON, DC 20010
(202) 368 8847
FAX (301) 270-2137
roxborougl@Aol.com

April 20, 2008
Mr. Charles Klein
Winston& Strawn LLP
1700 K Street NW
Washington, DC

Re: Winston& Strawn LLP vs. Harold Doley et al 1:08-cv-00144, analysis formula for possible settlement.

Dear Sir:

As you know I have filed a motion to dismiss the above entitled case or in the alternative for a more definite statement. My motion addresses what I conclude to be an indefinite contract where certain essential terms were not defined. That contract was, therefore, without mutual assent. However, Quantum Merit would still apply despite the technical failure of its terms.

In my preliminary analysis I cited the following terms in the contract signed with the law firm

***2. Fees. Although I will be the attorney responsible for this engagement, portions of the work may be performed by other firm attorneys and legal assistants, as necessary. My current hourly rate is $ 595.00. Our hourly rates for partners range from $ 405.00 to $845.00; for associates, from $200.00 to $590.00; and for legal assistants, from $ 135.00 to 285.00. Our billing rates are subject to adjustment from time to time, usually in January of each year. Each of you will be jointly and severally liable for the total fees and costs of representing you collectively in the lawsuit.***

Comparing the bill with the contract it seems clear, the only definite fee stated was that of Mr. Thomas Buchanan. The partners and associates were a range of possible fees. The bill shows Mr. Mancusi charging $480.00, an amount within the range of a partner and Mr. Court charging $365.00, an amount within the range of an associate. There was no evidence of any collateral agreement as to those fees for them thus my clients only agreed to pay the minimum amount. Those minimum amounts would be $405.00 for a partner and $200.00 for an associate.

My client's feel that the amount of time for the review of documents, most of which were from Sullivan& Cromwell LLP, and preparation of him for the deposition was excessive. They reviewed the bill and proffered the following adjustments:

**INVOICE NO. 1993138**
**INVOICE DATE 06/28/07**
*(PROPOSED ADJUSTMENT)*

**Timekeeper Summary**

| Attorney/other prof | Hours | Rate | Fees Billed |
|---|---|---|---|
| **T. Buchanan** | *6.50* | *595.00* | *3,867.50* |
| **M. Mancusi** | *36.50* | *405.00* | *15,592.50* |
| **J. Court** | *37.50* | *200.00* | *7,500.00* |

| Total Attorney/Other Prof | 80.50 | | 26,960.00 |
|---|---|---|---|

***INVICE NO. 1996231***
***INVOICE DATE 07/18/07***
*(PROPOSED ADJUSTMENT)*

**Timekeeper Summary**

| Attorney/other prof | Hours | Rate | Fees Billed |
|---|---|---|---|
| *T. Buchanan* | *4.75* | *595.00* | *2,826.25* |
| *M. Mancusi* | *8.5* | *405.00* | *3,442.50* |
| *J. Court* | *12.5* | *200.00* | *2,200.00* |
| **Total Attorney/Other Prof** | *25.75* | | *8,468.75* |

***INVOICE NO. 2002543***
***INVOICE DATE 08/28/07***
*(PROPOSED ADJUSTMENT)*

**Timekeeper Summary**

| Attorney/other prof | Hours | Rate | Fees Billed |
|---|---|---|---|
| *T. Buchanan* | *1.00* | *595.00* | *595.00* |
| *M. Mancusi* | *3.5* | *405.00* | *1,417.50* |
| *J. Court* | *8.5* | *200.00* | *1,750.00* |
| **Total Attorney/Other Prof** | *13.00* | | *3,762.50* |

| **Total proposed adjustment** | | **$ 39,191.25** |
|---|---|---|
| **Less amount paid** | **$ 10,000.00** | |
| **Total proposed due** | | **$ 29,191.25** |

*My clients are prepared to pay immediately $ 20,000.00 in full settlement of this matter. They feel strongly that the hours of Mancusi and Court were essentially duplicative.*

*We make this offer in good faith and is the best assessment of the services given in the matter of preparation for a Deposition. We feel that the hours expended were duplicative. Your firm failed to take into account my clients initial position that they could not afford to pay a great deal on this matter. They never agreed to the level of fee and quantify of time stated in the bill. Had my clients been apprised of the likelihood of being charged over $ 90,000.00 for preparation for a deposition they could have never retained your very excellent firm.*

*It is our hope that you accept an immediate payment of $ 20,000.00 offered here in full satisfaction of this entire matter.*

*Sincerely*

**Claude Roxborough**

EXHIBIT 2

UNITED STATES DISTRICT COURT
District of Columbia

WINSTON & STRAWN, LLP, )
    Plaintiff, )
)
Vs. ) Case: 1:08-CV 00144
) Assigned to: Walton, Reggie B
HAROLD F. DOLEY, and ) Assign Date: 1/24/2006
DOLEY SECURITIES, INC., ) Description: Contract
    Defendants. )

### DECLARATION OF CHAD ROBERT

Pursuant to 28 USC § 1746, in lieu of a personal appearance, I Chad Robert make the following statement:

I am an adult Citizen of the United States and the president of Doley Securities, Inc. and a resident of the State of Louisiana and I have personal knowledge of the facts and matters attested to in this declaration.

1. I have read the declaration of Mr. Thomas M. Buchanan, Esq. and am incredulous. No such meeting ever took place. I have never been in Washington DC period, let alone to meet with either Mr. Buchanan or Mr. Mancusi.

2. The assertions in paragraphs 7 and 8 of the declaration of Mr. Buchanan Esq. are completely untrue.

_[signature]_
Chad Robert

Subscribed and sworn ~~to this day of~~ Before me this 29th day of April, 2008.

_[signature]_
Notary Public
Carl V Williams, LSB#18507