UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WINSTON & STRAWN LLP,

    Plaintiff,

vs.                                          Case No: 1:08-cv-00144 (RBW)

HAROLD E. DOLEY
and DOLEY SECURITIES, INC.,

    Defendants.

_____

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM
TO THE DEFENDANTS' MOTION TO DISMISS
OR FOR A MORE DEFINITE STATEMENT**

Special circumstances demand a short response to the Defendants' Supplemental Memorandum to their Motion to Dismiss or for a More Definite Statement ("Supplemental Memorandum").[1]

Defendants make significant use of a settlement letter it sent to Plaintiff on April 20, 2008, in their Supplemental Memorandum. The appearance of this letter in Defendants' brief was surprising, to say the least. As this Court is aware, there is no more established legal doctrine than that evidence of settlement negotiations is inadmissible to prove the validity of a claim. See FED.R.EVID. 408(a) ("Evidence of [compromise and offers to compromise] is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount.").

Defendants' effort to introduce this settlement letter to support their motion to dismiss also is improper because, as the Court well knows, a motion to dismiss "must be made

---

[1] Defendants presumably captioned this pleading as a "supplemental memorandum" because it was filed after the deadline for their reply brief.

on the face of the complaint alone," and "[c]onsideration of external materials, … cannot properly take place under a dismissal for failure to state a claim." *Tele-Communications of Key West v. United States*, 757 F.2d 1330, 1335 (D.C. Cir. 1985); *see also Gordon v. National Youth Work Alliance*, 675 F.2d 356, 361 (D.C. Cir. 1982) (Under . . . Rule 12(b)(6), a court need not consider matters outside the pleadings at all."). For these reasons, the Court should disregard Defendants' settlement letter when deciding the motion. Regardless, that letter in no way conflicts with, or invalidates, Plaintiff's breach of contract claim.

Finally, Defendants asserted in their supplemental memorandum that the Declaration of Thomas M. Buchanan submitted in support of Plaintiff's motion for summary judgment contains a "false oath" in that it describes a meeting among Thomas Buchanan and Michael Mancusi of Winston & Strawn, and Defendant Harold E. Doley and incorrectly states that Chad Robert of Doley Securities, Inc. also attended that meeting. While the meeting among these two Winston & Strawn attorneys and Mr. Doley occurred, Defendants correctly point out that Mr. Robert did not attend that meeting. In preparing the final version of the affidavit, Mr. Robert was inadvertently added as being present at the meeting. This was an inadvertent mistake that Plaintiff immediately remedied by filing an errata attaching a corrected declaration and statement of undisputed facts in support of summary judgment.

> Respectfully submitted,
>
> _____\s\_____
> Thomas Buchanan # 337907
> Winston & Strawn LLP
> 1700 K Street, N.W.
> Washington, D.C. 20006-3817
> (202) 282-5000

Dated: May 7, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing *Plaintiff's Response to Defendants' Supplemental Memorandum to the Defendants' Motion to Dismiss or for a More Definite Statement* has been sent through the Court's electronic transmission facilities on this 7th day of May, 2008.

_____\\s\\_____
Charles B. Klein # 450984
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000