UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WINSTON & STRAWN LLP,

    Plaintiff,

vs.

HAROLD E. DOLEY
and DOLEY SECURITIES, INC.,

    Defendants.

Case No: 1:08-cv-00144 (RBW)

### PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

In its moving papers, Plaintiff Winston & Strawn LLP ("W&S") established that all material facts concerning its simple breach of contract claim are undisputed. The parties entered into a written and enforceable contract, W&S performed under that contract, W&S issued invoices for its services, and Defendants Harold E. Doley and Doley Securities, Inc. have failed to pay the $84,412 owed under those invoices. Defendants dispute none of these facts. As a result, the Court should enter summary judgment on behalf of W&S and against Defendants for the full $84,412 plus interest.[1]

### ARGUMENT

Defendants do not dispute that to state a breach of contract claim for failure to pay, W&S merely needs to show "that the defendant is under an obligation to pay the plaintiff a certain amount of money and interest, that he or she has refused to comply with the obligation, and that payment is due, for which judgment is requested." WILLISTON ON CONTRACTS § 62:7 at

---

[1] In fact, Defendants technically have defaulted. The Court ordered Defendants to answer the complaint by March 6, 2009. (Dkt 20). Yet, as of today's date, Defendants still have not filed an answer.

315 (2002). W&S has set forth undisputed facts that satisfy these elements. Although Defendants attempt to raise three "facts" that purportedly are at issue, all three of them are irrelevant to W&S's claim for breach of contract. As a result, W&S is entitled to summary judgment.

I.  **Defendants Do Not Dispute Any Of The Material Facts Underlying W&S's Traditional Breach Of Contract Claim.**

W&S set forth in its Corrected Statement of Material Facts as to Which There Exists No Genuine Issue for Trial ("Facts") the undisputed facts that collectively demonstrate that Defendants breached their contract with W&S. The material facts at issue include:

- The parties entered into an express agreement that governed the attorney-client relationship. (Dkt 10, Facts ¶¶ 9, 12).[2]

- This agreement discusses the terms of the attorney-client relationship and explicitly states, among other things, that (1) W&S's fees would be determined on an hourly basis, with attorney hourly rates ranging from $200 to $845; (2) the firm's bills would include allocable charges for costs and expenses incurred in performing the legal services; (3) W&S would bill Defendants monthly; and (4) the firm expected Defendants to pay the bills within 30 days of the invoice. (Facts ¶ 10).

- W&S performed under the agreement and devoted more than 215 hours of legal work to its representation of Defendants. (Facts ¶¶ 13-17; Dkt 12 (Corrected Buchanan Decl. ¶¶ 16-18)).

- W&S issued invoices, based on hourly rates within the agreed-upon range, to Defendants totaling $94,412.19. (Facts ¶ 18; Corrected Buchanan Decl. ¶ 19).

- Mr. Doley told W&S that he would pay the invoices, but payments would be made in installments over the next three months. (Facts ¶ 19; Corrected Buchanan Declaration ¶ 20; Dkt. 10, Ex. B (Dkt 10, Mancusi Decl. ¶ 6)).

---

[2] On November 21, 2008, this Court denied Defendants' motion to dismiss, which argued that the parties agreement was unenforceable. (Dkt 17).

- Defendants never made these payments and still owe $84,412.19 plus interest after accounting for Defendants' $10,000 retainer. (Facts ¶ 20; Corrected Buchanan Decl. ¶ 21).[3]

Significantly, Defendants do not contest *any* of these facts. It is well-settled that where a non-moving party fails to oppose arguments set forth in a motion for summary judgment, courts may treat such arguments as conceded. *Malik v. District of Columbia*, 538 F. Supp. 2d 50, 52-53 (D.D.C. 2008); *Shaw v. Marriott Int'l, Inc.*, 570 F. Supp. 2d 78, 89, n.20 (D.D.C. 2008); *Buggs v. Powell,* 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (citing *Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002). As the local rules make clear: "In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h).

The admitted facts of this case constitute a classic breach of contract, entitling W&S to summary judgment as a matter of law. Judge Penn granted summary judgment under similar circumstances in *Bennett v. Martin-Trigona* because, as here, the client failed to dispute any material fact at issue, or raise any legal defense that would entitle her to challenge the legal fees charged. 686 F. Supp. 6, 8 (D.D.C. 1988); *see also Innovative Staffing Solutions, Inc. v. Greater Southeast Community Hosp. Corp.*, No. Civ. A. 07-01075, 2007 WL 4125424, at *1 (D.D.C. Nov. 19, 2007).

---

[3] Doley argues that W&S never accounted for his $10,000 retainer paid at the outset of the engagement. But W&S's complaint has given him full credit for that payment. (Dkt 1, Compl. ¶ 15).

3

## II. Defendants Raise Only Three Facts Purportedly "At Issue," And All Three Are Irrelevant.

Instead of disputing the salient facts discussed above, Defendants raise three purported issues of material fact that have no bearing on W&S's breach of contract claim. Thus, they should be disregarded.

First, Defendants argue that they never agreed to pay W&S "any fee higher than the minimum set within the range of fees identified." (Dkt 21, Doley Statement of Facts at Issue ¶ 1). This purported "issue" is nothing of the sort. Mr. Doley does not dispute that he signed a written engagement letter expressly setting forth Mr. Buchanan's hourly rate at the time and the possible range of hourly rates for others working on the case. (Buchanan Decl., Attach. 2). There literally is no evidence that W&S agreed to charge only fees in the low-end of that range. In fact, the Affidavit of Allen Counts cited in support of this purported "issue" makes no mention of any such agreement. Nor could it. Mr. Counts was not involved in negotiating the agreement. This explains why he does not even address the terms of the parties' agreement in his affidavit.

Second, Defendants argue that they objected (through Mr. Counts) to W&S's invoices. In his affidavit, however, Mr. Counts just vaguely asserts – with literally no detail whatsoever – that he told W&S that he thought the invoices "were out of line." Defendants failed to mention this purported objection in any pleading until a year after the complaint in this action was filed, and Mr. Counts attaches no supporting evidence to his affidavit. Thus, the affidavit itself is of questionable reliability. Regardless, Mr. Counts does not dispute that (1) the parties entered into the agreement and its terms governed the attorney-client relationship; (2) W&S performed legal services under that agreement; (3) the attorneys involved charged at their normal hourly rates, which fall within the range set forth in the parties' agreement; and (4) the attorneys involved actually worked the number of hours reflected in the invoices. Nor

4

does Mr. Counts provide any contemporaneous evidence to confirm that he ever made the purported objections referenced in his affidavit.

Even assuming Mr. Counts did make the vague objections discussed in his affidavit, this fact still would be immaterial. A client cannot avoid its contractual debt to his lawyer merely by taking the position that the debt seems high. Rather, "as a general rule, a contract for attorney fees is enforceable according to its terms unless contrary to law or public policy." 23 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 62:7 (4th ed. 1993 & Supp. 2008). If the law were otherwise, clients would routinely evade paying their legal fees. Defendants have failed to identify any viable legal theory that could excuse them from paying the $84,412 they indisputably owe W&S. *See Bennett*, 686 F. Supp. at 9-12.

The third and final "fact" that Defendants argue is "at issue" merely concerns a settlement offer by Defendants to pay $20,000 to resolve this matter. This settlement offer made three months after the complaint was filed clearly has no relevance to W&S's claim. It is well established that evidence of settlement negotiations is inadmissible to prove the validity or invalidity of a claim. *See* FED. R. EVID. 408(a) ("Evidence of [compromise and offers to compromise] is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount."). Tellingly, the settlement letter never cites any objections to W&S's work, invoices, hours, or rates. Nor does it reference anything mentioned in Mr. Count's after-the-fact affidavit.

Although not mentioned in its Statement of Material Facts Which Are at Issue, the Robert Declaration included with Doley's opposition also is irrelevant. This declaration was previously submitted to correct an honest mistake in W&S's moving papers – i.e., the original Buchanan declaration incorrectly said that Mr. Robert, who signed the parties' agreement,

5

attended a meeting among W&S attorneys and Mr. Doley. (Dkt. 11, Ex. 2). Immediately upon learning of this inadvertent mistake, W&S filed an errata attaching a corrected declaration and statement of undisputed facts in support of summary judgment. (Dkt. 12). This errata completely moots the Robert Declaration. Significantly, Defendants offer no evidence to dispute that Mr. Doley met with two Winston & Strawn attorneys to discuss the terms of the attorney-client engagement. (Corrected Buchanan Decl. ¶¶ 7-8).

### III. Defendants Also Have Failed To Raise A Triable Issue Of Material Fact As To W&S's Alternative Account Stated Theory.

As discussed in more depth in W&S's moving papers, the undisputed facts also entitle W&S to summary judgment under the theory of account stated. Like the facts described in *Brand v. Westall*, Civ Act. No. 94-0312, 1995 WL 235579 (D.D.C. Apr. 21, 1995), W&S performed legal services pursuant to the engagement agreement, those services were performed in a competent manner, and invoices were delivered monthly to the client without timely objection. (Corrected Buchanan Decl. ¶¶ 7-21).

The vague and conclusory Counts affidavit is insufficient to raise a triable issue of material fact as to this alternative theory of breach of contract liability. That affidavit fails to give any material details, such as (1) when Defendants retained Mr. Counts to speak to W&S about its invoices, (2) to whom Counts spoke when he purportedly objected to the invoices, (3) when he purportedly made these objections, and (4) the specific nature of these objections. The Counts affidavit is vague on all four points because, the truth is, Defendants did not directly or indirectly make any timely objection to the W&S invoices. *See Bennett*, 686 F. Supp. at 10 (holding that factual dispute must be "*material*" to prevent summary judgment).

Again, Defendants make no effort to contest or explain away the specific and sworn statement by Mr. Mancusi of W&S in which he declared that Mr. Doley said on

6

September 5, 2007 that "he would be making payment [to W&S] in installations over the next three months." (Mancusi Decl. ¶ 6). Defendants' effort to survive summary judgment based on the vague assertions of Mr. Counts falls far short of showing the requisite "*specific facts* showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (emphasis added); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (a nonmoving party, must establish more than "[t]he mere existence of a scintilla of evidence" in support of its position); *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (nonmoving party cannot rely solely on conclusory statements); *Bennett*, 686 F. Supp. at 9 ("When a motion for summary judgment is filed, the adverse party cannot rely upon vague representations as to what she hopes to establish at trial, she 'must set forth specific facts showing that there is a genuine issue for trial'") (citing *Anderson*).

## CONCLUSION

For the foregoing reasons, this Court should enter summary judgment in favor of Plaintiff for breach of contract damages of $84,412.19, plus pre-judgment interest, costs and expenses.

Respectfully submitted,

_____\s\_____
Thomas Buchanan # 337907
Charles B. Klein # 450984
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C.  20006-3817
(202) 282-5000

*Counsel for Plaintiff*

Dated: March 20, 2009

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Plaintiff's Reply Memorandum in Support of its Motion for Summary Judgment have been sent through the Court's electronic transmission facilities on this 20th day of March, 2009.

                                               \s\
                                    Charles B. Klein # 450984
                                    WINSTON & STRAWN LLP
                                    1700 K Street, N.W.
                                    Washington, D.C. 20006-3817
                                    (202) 282-5000