UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WINSTON & STRAWN LLP,

    Plaintiff,

vs.                                            Case No: 1:08-cv-00144 (RBW)

HAROLD E. DOLEY
and DOLEY SECURITIES, INC.,

    Defendants.

## WINSTON & STRAWN LLP'S MOTION TO COMPEL DISCOVERY RESPONSES

Winston & Strawn LLP ("W&S"), pursuant to Federal Rules of Civil Procedure 33, 34, 37, and 69, hereby moves to compel responses from Defendants Harold E. Doley and Doley Securities, Inc. to W&S's post-judgment Interrogatories and Request for Production of Documents. These responses are necessary to aid W&S, as judgment creditor, to enforce this Court's final judgment in favor of W&S and against Defendants.

    1.      On January 24, 2008, W&S sued Defendants for breach of contract. Dkt. 1. This Court granted W&S's motion for summary judgment and, on June 29, 2009, entered final judgment "in favor of the plaintiff [W&S] against the defendants jointly and severally in the amount of $84,412.19, plus prejudgment interest and costs." Dkt. 31. This money judgment made W&S a judgment creditor against the Defendants. *See* BLACK'S LAW DICTIONARY 921 (9th ed. 2009) (defining judgment creditor as "a person having a legal right to enforce execution of a judgment for a specific sum of money").[1]

---

[1] On July 14, 2009, Defendants moved for reconsideration. Dkt. 32. W&S opposed that motion on July 21, 2009. Dkt. 33. This motion is still pending before this Court.

2. On July 21, 2009, W&S served on Defendants interrogatories and requests for production of documents under Fed. R. Civ. P. 69. Ex. 1. These discovery requests sought to identify Defendants' assets so that W&S could enforce this Court's judgment.

3. Rule 69(a)(2) states that "[i]n aid of the judgment or execution, the judgment creditor… may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." FED. R. CIV. P. 69(a)(2). The D.C. District Court "recognizes that the judgment creditor may need to conduct discovery to find out about assets on which execution can issue. In allowing for such discovery, [Rule 69] expressly provides that all methods of discovery (*e.g.,* depositions, interrogatories, requests for production of documents) are available." *Smith v. Mallick*, No. 96-CV-2211, 2005 WL 3555827 at *1 (D.D.C. Dec. 29, 2005); *see also Falicia v. Advanced Tenant Servs., Inc.*, 235 F.R.D. 5, 9 (D.D.C. 2006) (J. Walton) (holding that under Rule 69 judgment creditors could be permitted to obtain subpoenaed bank records from even non-party companies). If a judgment debtor fails to comply with a discovery request, the judgment creditor may move to compel discovery. *See Smith v. Mallick*, No. 96-CV-2211, 2006 WL 2571830 (D.D.C. Sept. 6, 2006) (granting judgment creditor's motion to compel pursuant to Federal Rule of Civil Procedure 69).

4. Defendants' responses to W&S's discovery requests were due on August 24, 2009. But Defendant never served any response, thus waiving objections. *See Smith*, 2006 WL 2571830 at *2 (holding that judgment debtor's failure to respond to a subpoena *duces tecum* made pursuant to Rule 69 waived any objections). Counsel for Defendants has not returned phone calls and emails asking about Defendants' failure to respond timely to W&S's post-judgment discovery. *See* Ex. 2 (emails).

For the foregoing reasons, W&S requests that this Court compel Defendants to respond to W&S's Interrogatories and Request for Production of Documents.

                                                          Respectfully submitted,

_____\s\_____
Thomas Buchanan # 337907
Charles B. Klein # 450984
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C.  20006-3817
(202) 282-5000

*Counsel for Plaintiff*

Dated: September 4, 2009

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WINSTON & STRAWN LLP,

    Plaintiff,

vs.	Case No: 1:08-cv-00144 (RBW)

HAROLD E. DOLEY
and DOLEY SECURITIES, INC.,

    Defendants.

## **ORDER**

Upon consideration of *Winston & Strawn LLP's Motion to Compel Discovery Responses*, for the reasons set forth by Winston & Strawn LLP, and based upon the entire record herein, it is this _____ day of ____, 2009

ORDERED that Winston & Strawn LLP's motion should be and is hereby GRANTED; and it is;

FURTHER ORDERED that Harold E. Doley and Doley Securities, Inc. are required to respond to Winston & Strawn LLP's Interrogatories and Request for Production of Documents within five days of the issuance of this order.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Thomas M. Buchanan # 337907
Charles B. Klein # 450984
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C.  20006-3817
(202) 282-5000

Claude Roxborough
Kimmel & Roxborough, LLC
709 Irving St. NW
Washington, DC 20010
(202) 368-8847

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing *Winston & Strawn LLP's Motion to Compel Discovery Responses* has been sent through the Court's electronic transmission facilities on this 4th day of September, 2009.

_____\s\_____
Charles B. Klein # 450984
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C.  20006-3817
(202) 282-5000