# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————— )
                                     )
WINSTON & STRAWN, LLP,               )
                                     )
                   Plaintiff,        )
                                     )
         v.                          )         Civil Action No. 08-144  (RBW)
                                     )
HAROLD E. DOLEY                      )
and DOLEY SECURITIES, INC.,          )
                                     )
                   Defendants.       )
———————————————————— )

## MEMORANDUM OPINION

Winston & Strawn, LLP, the plaintiff in this civil lawsuit, seeks $84,412.19 in damages

from Harold E. Doley and Doley Securities, Inc., Complaint at 1, for alleged breach of contract

in the form of non-payment of legal fees allegedly owed to the plaintiff, id. ¶¶ 6–18.  On June 26,

2009, the Court held at the conclusion of a hearing on the merits of a motion for summary

judgment filed by the plaintiff that summary judgment in favor of the plaintiff was appropriate.

The Court issued an order to that effect on June 29, 2009.  Currently before the Court is the

defendants' motion for reconsideration of the Court's oral ruling and subsequent order granting

summary judgment in favor of the plaintiff pursuant to Federal Rule of Civil Procedure 59(e).

Motion of the Defendant[s] Harold E. Doley and Doley Securities, Inc. to Reconsider Order

Granting Plaintiff's Motion for Summary Judgment (the "Defs.' Mot.") at 1.  After carefully

considering the defendants' motion and all memoranda of law and exhibits concerning that

motion,[1]  the Court concludes that it must deny the defendants' motion for the reasons that

follow.

"As this Court has noted in the past, motions for reconsideration under Rule 59(e) are

disfavored and should be granted only under extraordinary circumstances." <u>N.Y.C. Apparel</u>

<u>F.Z.E. v. U.S. Customs and Border Protection Bureau</u>, 618 F. Supp. 2d 75, 76 (D.D.C. 2009)

(Walton, J.) (internal citation and quotation marks omitted).  Indeed, a motion of this sort "need

not be granted unless the [Court] finds that there is an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent manifest injustice."

<u>Messina v. Krakower</u>, 439 F.3d 755, 758 (D.C. Cir. 2006) (internal citation and quotation marks

omitted).  The defendants do not contend that there has been a "change of controlling law" since

the Court granted the plaintiff's motion for summary judgment, that there is any "new evidence"

that merits the Court's attention, or that some form of "manifest injustice" will result from the

Court's order.  Thus, the only possible basis for reconsideration of the Court's order granting

summary judgment in favor of the plaintiff would be a "clear error" in the legal reasoning

leading to the entry of the order.

The defendants argue that the Court clearly erred in granting summary judgment in favor

of the plaintiff because (1) there is a genuine issue of material fact as to whether the defendants

agreed to the range of rates set forth in the engagement letter provided by the plaintiff and signed

by the defendants, Defs.' Mot. at 1–2; Defs.' Mem. at 6–7, (2) the plaintiff failed to deduct

$10,000 from its final bill to reflect the retainer paid by the defendants, Defs.' Mot. at 2, and (3)

---

[1]  In addition to the plaintiff's complaint as well as all documents relating to its motion for summary judgment, the Court considered the following documents in reaching this decision: (1) the Memorandum of Points and Authorities in Support of the Motion of the Defendant[s] Harold E. Doley and Doley Securities, Inc. to Reconsider Its Order for Summary Judgment (the "Defs.' Mem.") and (2) the Plaintiff's Opposition to Defendants' Motion to Reconsider (the "Pl.'s Opp'n").  The plaintiff has also filed a separate motion to compel responses to post-judgment interrogatories and requests for production served on the defendants, which the Court will address separately.

this case should have been referred to the District of Columbia Bar for mandatory arbitration notwithstanding the Court's prior determination that such a defense had been waived by the defendants, id. at 3.  The plaintiff contests each of these assertions.  See Pl.'s Opp'n at 2–3 (arguing that Doley's sworn statement in a declaration that the plaintiff agreed to restrict its rates to the lower end of the range for each category of employees constitutes inadmissible parol evidence in light of the executed engagement letter); id. at 3 (contending that "the $10,000 retainer was applied to [the d]efendants' bills and subtracted from the total that [the d]efendants owe"); id. at 3–4 (asserting that the defendants' arguments concerning mandatory arbitration are untimely).

Each of the issues raised by the defendants in their motion for reconsideration has already been addressed by this Court.  At the hearing on the plaintiff's motion for summary judgment held on June 26, the Court explained that Harold Doley's subjective understanding that the plaintiff would limit its fees to the lower end of the ranges stated in its engagement letter was irrelevant in light of the fact that the ranges are clearly set forth without such restrictions in the engagement letter itself.  See Giotis v. Lampkin, 145 A.2d 779, 781 (D.C. 1958) ("[W]hen the parties to a contract have reduced their entire agreement to writing, the court will disregard and treat as legally inoperative parol evidence of [] prior negotiations and oral agreements.").  The Court also rejected the defendants' arguments regarding the plaintiff's alleged failure to credit their retainer based upon the plaintiff's uncontroverted evidence, which reflected a $10,000 deduction in the plaintiff's legal fees due to the retainer.  See Plaintiff's Statement of Material Facts As to Which There Exists No Genuine Issue for Trial, Ex. A (Declaration of Thomas M. Buchanan, Esq.), at Attachment 4 (Statement of Account dated Jan. 16, 2008) (reflecting the

application of a $10,000 credit to the amount of legal fees incurred by the plaintiff delineated in the invoice dated June 28, 2007).

The defendants' arguments regarding the need for arbitration have also been presented to the Court before in the context of a motion filed by the defendants to stay this case pending arbitration before the District of Columbia bar. See Motion to Stay Proceedings to Allow Arbitration of Fee Dispute Before the Attorney[-]Client Arbitration Board As Well As Defendant[s'] Prosecution of Other Gr[i]evances at 1–2 (making this argument). The argument arises from Rule XIII(a) of the Rules Governing the District of Columbia Bar, which provides in pertinent part:

> An attorney subject to the disciplinary jurisdiction of [the District of Columbia Court of Appeals] shall be deemed to have agreed to arbitrate disputes over fees for legal services and disbursements related thereto when such arbitration is requested by a present or former client, if such client was a resident of the District of Columbia when the services of the attorney were engaged, or if a substantial portion of the services were performed by the attorney in the District of Columbia, or if the services included representation before a District of Columbia court or a District of Columbia government agency.

The Court has never questioned the legitimacy of this rule, which has been recognized as a valid basis to demand arbitration by the District of Columbia Court of Appeals. See Schwartz v. Chow, 867 A.2d 230, 232 n.7 (D.C. 2005) (recognizing the validity and applicability of the rule). However, as the Court explained in rejecting the defendants' request for a stay based upon this rule, "[t]he right to arbitration, like any contract right, can be waived," Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 774 (D.C. Cir. 1987), including "by acting inconsistently with the arbitration right," Khan v. Parsons Global Servs., Ltd., 521 F.3d 421, 425 (D.C. Cir. 2008) (internal citation and quotation marks omitted). "One example of

such conduct is active participation in a lawsuit." Id. (internal citation and quotation marks omitted).

Although it recognized some differences between the facts in Khan and the situation presented in this case, the Court held at the hearing on the defendants' motion to stay, and concludes again today, that Khan controls the disposition of the defendants' arbitration request. In that case, the plaintiffs, Azhar Ali Khan and Asma Azhar Khan, filed suit against Azhar Ali Khan's former employer and its agents (collectively "Parsons") for negligence and intentional infliction of emotional distress in the District of Columbia Superior Court. Id. at 423–24. Parsons removed the case to this Court and filed a motion to dismiss or for summary judgment or to compel arbitration. Id. at 424. Another member of this Court granted summary judgment in favor of Parsons, but the District of Columbia Circuit reversed that decision. Id. On remand, Parsons filed a motion to compel arbitration, which was eventually granted by the member of this Court assigned to the case. Id. The Khans appealed this ruling as well, arguing that Parsons had waived its right to arbitration under its employment agreement with Azhar Ali Khan. Id. at 424–25.

Once again, the District of Columbia Circuit reversed this Court's ruling, finding "no ambiguity concerning Parsons' involvement in litigation on the merits." Id. at 426. In reaching this decision, the court explicitly rejected the argument advanced by Parsons that it had not waived its right to arbitration because "it did not move for discovery, nor file an answer asserting affirmative defenses." Id. The court reasoned that Parsons' request for summary judgment was inconsistent with the pursuit of any arbitration remedy because "[a] summary judgment motion by definition 'goes to the merits of the case.'" Id. (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2712 (3d ed. 2007)). Moreover, the

circuit court "[did] not find probative Parsons' characterization of its motion as one for dismissal of the complaint, or, in the alternative, for summary judgment" because, from its perspective, "where . . . a party moves for summary judgment through a motion including or referring to 'matters outside the pleading,' . . . that party has made a decision to take advantage of the judicial system and should not be able thereafter to seek compelled arbitration."  Id. at 427 (quoting Fed. R. Civ. P. 12(d)).  As the court explained, "[a] less rigorous approach to summary judgment based on materials outside the pleadings would encourage parties to attempt repeat litigation of merits issues not resolved to their satisfaction, undermining the policy that arbitration may not be used as a strategy to manipulate the legal process."  Id. (internal citation and quotation marks omitted).

At first blush, Khan would appear to be inapplicable to this case because the defendants in this case, unlike the defendant in Khan, never requested summary judgment.  However, the basis for the defendants' motion (at least insofar as the defendants requested dismissal of the plaintiff's complaint) was not some defect in the plaintiffs' pleadings, but rather that the engagement letter signed by the defendants and the plaintiff was void for vagueness. Memorandum of Points and Authorities in Support of the Motion of the Defendant[s] Harold E. Doley and Doley Securities, Inc. to Dismiss the Complaint[] or[,] in the Alternative, for a More Definite Statement at 5–6.  Indeed, the defendants referred to numerous facts outside the plaintiff's complaint in their reply memorandum in support of their motion to dismiss or for a more definite statement, even going so far as to attach exhibits in support of their reply.  See generally Supplemental Memorandum to the Defendant's Motion to Dismiss or for a More Definite Statement.

In requesting dismissal of the plaintiff's complaint based on the merits of the plaintiff's breach of contract claim (as opposed to a determination of the sufficiency of the plaintiff's allegations), the defendants "made a decision to take advantage of the judicial system," just like the defendant in Khan.  Khan, 521 F.3d at 427.  Compelling arbitration under such circumstances would have given rise to the same problem identified by the court in Khan: namely, allowing the party seeking arbitration to "indulg[e] in a second bite at the very questions presented to the court for disposition."  Id. (internal citation and quotation marks omitted).  Thus, the Court correctly followed Khan by denying the defendants' motion to stay because the defendants, through their course of conduct in this case, waived any right to arbitration accorded to them by Rule XIII of the Rules Governing the District of Columbia Bar.

"[A] Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier."  Lightfoot v. District of Columbia, 355 F. Supp. 2d 414, 421 (D.D.C. 2005) (internal citation and quotation marks omitted).  The defendants' motion for reconsideration is replete with such arguments, none of which are any more persuasive than they were when the Court rejected them the first time around.  Accordingly, the Court will deny the defendants' motion for reconsideration under Rule 59(e).

**SO ORDERED** this 17th day of September, 2009.[2]

REGGIE B. WALTON
United States District Judge

---

[2]  An order will be entered contemporaneously with this memorandum opinion denying the defendants' motion for reconsideration.